■ LOIS EDELSTEIN, Appellant, v ALBERT EDELSTEIN, Respondent.— Judgment, Supreme Court, New York County, entered March 31, 1976, in an action for divorce, is unanimously modified, on the law and the facts, to increase the amount of alimony awarded for the support of the wife from $25 per week to $75 per week, and to increase the amount to be paid toward arrears of alimony and child support for the period March 4, 1975 to March 2, 1976, from $25 per week to $50 per week, and to direct the defendant to post a $5,000 surety bond to secure the performance of the payments directed by the judgment herein, and the matter remanded to the Trial Term for the purpose of taking proofs (by affidavit or testimony) as to the

amount that defendant should pay for legal services rendered by plaintiff's attorney and rendering an appropriate decision accordingly; and the judgment is otherwise affirmed, with $60 costs and disbursements to plaintiff. It is obvious that defendant has not been candid in the disclosure of his earnings and financial resources. Although the defendant's concealments and inconsistencies prevent us from making a reasonably reliable determination as to what he really can afford, we think the direction we are here making—amounting to an aggregate of $175 per week, including alimony, child support and arrears, as against the aggregate of $100 awarded by the trial court—is within his reasonable capacity with due regard to his obligations to his wife and child, and due regard to his wife's earning capacity. The defendant's disobedience of previous orders of the court indicates that a $5,000 surety bond, ordered once before and never complied with, should not be dispensed with. Although we are not disturbing the fixation, in the judgment appealed from, of the sum of $11,060 as arrears of alimony and child support for the period March 4, 1975 to March 2, 1976, we think no useful purpose would be served by directing entry of a judgment for these arrears at this time. (We do not disturb the judgment for $3,370 heretofore entered pursuant to the order of May 9, 1975 which has not been paid.) We think that ordering commitment of the defendant at this time would only be counter-productive. Plaintiff's request for attorney's fees should not have been decided without giving plaintiff or her attorney the opportunity to present proofs by affidavit or testimony as to the reasonable value of the services and any other relevant considerations. Concur—Stevens, P. J., Kupferman, Birns, Silverman and Nunez, JJ.